## STEFKA et al. v. LAWRENCE et al.
### (No. 7235.)

Court of Civil Appeals of Texas. Austin.
May 29, 1928.

Rehearing Denied June 20, 1928.

Partition ⚓94(2)—Objection to commissioners' report because of improvements was properly disregarded when excuse for failure to present issues seasonably was not shown.

Objection to report of commissioners in partition, who divided land as directed by decree, based on alleged equities arising out of improvements made by objectors, was properly disregarded, where no reasonable excuse for failure to present such issues before the decree or prior to the appointment of the commissioners was shown, as commissioners have no judicial powers.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Suit by Sadie Julia Lawrence and others against E. A. Stefka and others. From a judgment approving report of commissioners in partition, defendants appeal. Affirmed.

Hart, Patterson & Hart and Geo. S. Dowell, all of Austin, for appellants.

O. E. Roberts, of Taylor, and White, Wilcox & Taylor, of Austin, for appellees.

McCLENDON, C. J. In a former appeal of this case we affirmed the judgment of the trial court awarding to appellee a one-sixteenth undivided interest in 300 acres of land, and ordering a partition of her interest in kind. 288 S. W. 1092. The present appeal is from a judgment approving the report of commissioners in partition, setting aside to appellee 20⅙ acres out of the 300-acre tract. The report of the commissioners values the 300 acres, exclusive of improvements, at $37,500; the improvements at $8,000; the 20⅙ acres set aside to appellee at $2,843.75, or one-sixteenth of the total; and the remainder, which includes the improvements and which is set aside to appellants, at $42,565.25, or fifteen-sixteenths of the whole. The record shows that there had been a previous report of commissioners which upon objection by both parties was set aside and new commissioners appointed. The order appointing commissioners instructed them to set aside one-sixteenth of the land to appellee and fifteen-sixteenths to appellants in accordance with the previous decree. The record contains no pleadings or assertion of any equities in favor of appellants prior to the order appointing the commissioners, and the questions presented arise upon objections to the commissioners' report. No assignments of error were filed in the trial court, and none of the questions, in our opinion, present fundamental or other error.

Appellants bring forward in their brief as assignments of error two grounds of objection made by them to the commissioners' report, as follows:

(1) "The defendants say that they have placed on said land, sought to be partitioned, since the beginning of this suit, the sum of Three Thousand ($3,000.00) Dollars in improvements, which said improvements were necessary, and not placed thereon for the purpose of embarrassing this plaintiff in the partition, and such added improvements have been considered by the commissioners as to values, but not credited to these defendants."

(2) "They further say that the commissioners of partition have allotted to this plaintiff lands of peculiar value to the remaining portion of said estate on account of the fact that an irrigation plant was situated on a portion of the lands allotted to this plaintiff, which irrigation plant was built and maintained by these defendants with funds thereon expended by them out of their separate estate, and such allotment renders valueless such irrigation values."

The first of these assignments, if entitled to be considered at all, is overruled, for the following reasons:

The only evidence offered in support of the claim for improvements made after commencement of suit was the uncorroborated testimony of one of appellants, a decidedly interested witness. The main item in this testimony consisted in rebuilding or reconditioning old buildings, in which the old material was used. Conceding for the moment sufficiency of the evidence to show some equity in appellants, it would have been essential to any relief, not only to reject the report of the commissioners, but to set aside the order of their appointment, and adjudicate those equities, before appointing commissioners to make the partition. Commissioners in partition have no judicial powers. Their function is to divide the property in accordance with the decree adjudicating the interests and equities of the several parties. If the equities arose prior to the decree, they should have been raised and adjudicated therein. If, subsequently, they should have been asserted and adjudicated prior to appointment of commissioners, and embodied in the order of appointment. In the instant case, the commissioners did precisely what they had been directed by the court to do, namely, divided the land into two tracts representing, according to their best judgment, one-sixteenth and fifteen-sixteenths respectively of its value. To have taken into consideration any equitable claim of either party, or to divide the land upon any other basis than that stated in their report, would have been to violate their instructions, thereby necessitating setting aside the report. In a word, the relief sought was an attack upon the decree or order of appointment, and not upon the report. To entitle appellants to such relief, they must at least show equitable grounds for not urging

it at the proper time. This they have not even attempted to do. So far as the record shows, they made no objection to the order of appointment, and no request for an adjudication of their equities; but permitted the partition to proceed in accordance with the decree and order of appointment, without even a suggestion that the basis of partition therein prescribed was unjust or inequitable. In the absence of a reasonable excuse for failure to present these issues seasonably, the trial court was fully justified in disregarding them, and this aside from any consideration of their inherent merit.

The second assignment, in so far as it alleges an inequitable division of the land, independently of equities which might arise by virtue of expenditures for improvements by appellants, if entitled to consideration, is overruled for the following reasons:

The evidence supporting it is vague and uncertain in many respects; consists alone of the uncorroborated testimony of one of the appellants; is contradicted in many respects by the testimony of appellee; and conflicts with the report of the commissioners appointed by the court to make a fair and equitable partition of the land.

The trial court's judgment is affirmed.

Affirmed.