## OWENS v. LUBBOCK INDEPENDENT SCHOOL DIST. et al.

### No. 6079.

Court of Civil Appeals of Texas. Amarillo.

Oct. 16, 1950.

Rehearing Denied Nov. 10, 1950.

Rob't A. Sowder, Lubbock, for appellant.

McWhorter, Howard, Cobb & Gibson, and Vaughn E. Wilson, all of Lubbock, for appellees.

LUMPKIN, Justice.

This is the second time this case has been before this court. As it was originally filed, Marcus O. Owens, Jr., the appellant herein, sought a judgment removing cloud from the title to 21 lots situated within the City of Lubbock and decreeing that neither the City of Lubbock nor the Lubbock Independent School District had a tax lien on them. The two taxing units, appellees on this appeal, by a cross-action sought to recover the delinquent taxes on these lots for the years 1919 through 1947. The trial court denied the claims of the taxing units, and they perfected their appeal to this court. This court affirmed the judgment of the trial court in part and reversed and remanded the judgment in part, holding in favor of the appellant except as to the taxes due from 1919 to April 11, 1927, the date of the original tax sale to the State of Texas. Since we could not determine from the record the amount of taxes assessed and due on the lots during this period, the cause was remanded to the trial court with instructions to ascertain the amount of these taxes and

to enter judgment accordingly. (For a more complete statement of the case see Lubbock Independent School District et al. v. Owens, Tex.Civ.App., 217 S.W.2d 186, writ refused).

Prior to the hearing before the trial court on this cause as remanded, the appellant filed certain pleadings raising issues not pleaded in the original case. The appellees duly excepted to these additional pleadings on the grounds that appellant was attempting to circumvent and avoid the mandate of the Court of Civil Appeals and that he was attempting to create new issues and seek new relief. The trial court sustained the taxing units' exceptions. After a hearing before the court, judgment was rendered in favor of the appellees in the aggregate sum of $381.94, which includes the taxes delinquent from 1919 to April 11, 1927, plus the interest, penalty and costs for the same period. To this judgment appellant gave notice of appeal, and the case is again before this court for disposition.

The appellant assigns as error the action of the trial court in sustaining the appellees' exceptions to his additional pleadings. The trial court's action was based on the ground that the appellant's pleadings attempted to create issues not raised or considered in the original case. The appellant maintains that on the former appeal this court was without authority to remand the cause with particular instructions but was authorized by Rules 434, 435 and 436, Texas Rules of Civil Procedure, to remand the case only for a new trial.

Rule 434 gives this court the authority to remand a cause with instructions: it provides that if it appears to the Court of Civil Appeals that the error complained of "affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error."

■ Our former opinion disposes of all issues except the amount of taxes assessed and due on the lots from 1919 to April 11, 1927. The issue was severable. Where a remand is accompanied by instructions restricting the re-trial to particular issues,

the parties must keep within the issues and may not re-litigate matters controverted upon a former trial.

■ In this case the authority of the trial court was limited by the mandate to the issue of the amount of taxes for the prescribed period. The trial court was not directed to try an issue not authorized by the mandate, and therefore it did not err in sustaining the appellees' exceptions to the appellant's additional pleadings. Humble Oil & Refining Co. v. Kishi, Tex.Civ.App., 299 S.W. 687, writ refused; Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377, 398; Page v. Hancock, Tex.Civ.App., 200 S.W. 2d 421, writ ref. n. r. e.; 3-B Tex.Jur. 752.

■ The appellant again urges his contention that a suit to foreclose the taxes of one taxing unit extinguishes the tax liens of taxing units not made parties to the suit. He stresses that portion of Article VIII, Sec. 13, of the State Constitution, Vernon's Ann.St., which provides that land sold for taxes due vests "a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; * * *."

Our former opinion answers the appellant's contention. The original tax suits were brought in behalf of the County of Lubbock. The taxes of the other taxing units—i. e., City of Lubbock and Lubbock Independent School District—were not included in the suits. There are no Texas cases directly in point upon the question of law involved. It appears from a reading of the annotation in 113 A.L.R., page 920, that there are only two lines of authorities which deal with cases of this nature. The majority of the states hold that the enforcement of a lien of a political subdivision not a party to the original suit is suspended until the purchasing taxing unit sells to an individual, when the lien becomes enforceable against the new purchaser. Other states permit the political subdivision not made a party to the original tax suit to bring a suit against the record owner of the property, even though such property has been purchased by one taxing unit. Neither of these lines of authorities recognizes an extinguishment of the lien as argued here by the appellant.

The remaining contentions raised by the appellant on this appeal are either answered in our former opinion or pertain to matters which the appellant failed to plead—and could have pleaded—in the original case. All of the appellant's points of error are overruled. The judgment of the trial court is affirmed.