**Arthur BECK, Appellant,**

v.

**Doris MILLS, Appellee.**

**No. A2726.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 15, 1981.

Rehearing Denied May 6, 1981.

J. Ken Nunley, Dodson, Nunley & Taylor, for appellant.

Edwin H. White, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an injunction prohibiting Appellant from obstructing a roadway through his property to the land of Appellee. We affirm.

On August 26, 1963, and on January 3, 1964, the parents of the parties gave their three children certain portions of their land located in Edwards County. Appellant's and Appellee's portions are contiguous. Access to Appellee's land was by a roadway through Appellant's land. In 1975, Appellant ordered Appellee to stop using the roadway through his property and placed a lock on a gate crossing the roadway.

Appellee filed this suit on April 13, 1979, seeking an injunction ordering the removal of the lock. Trial was to the court which found that Appellee had an implied grant of easement over and across Appellant's land.

Appellant complains that the trial court erred in finding that the roadway was apparent, permanent and reasonably necessary to the fair enjoyment of Appellee's land at the time of the partition and in holding that the Appellee has an implied grant of easement.

The roadway had been in use for over forty years prior to and was in use at the time of the partition. At the time of the partition the roadway was well-defined, and conspicuous, indicating its permanence and the fact that it was being used.

It is undisputed that Appellee and her agents used the roadway for ingress and egress from August 26, 1963 to the time the gate was locked. There is also some evidence that a mountain range made another approach highly impractical, and that at the time of the partition there was no roadway across these mountains. The finding of the court that the use of the roadway was apparent, permanent and reasonably necessary to the enjoyment of Appellee's lands at the time of the partition was amply supported by the evidence.

Appellant contends that the only easement which could exist under these

facts is one which was created by an implied reservation and not by an implied grant. As such, he argues, there must be a finding of "strict necessity" before the easement may be recognized, and that this is a stricter standard than the "reasonable necessity" standard of "implied grants." We disagree. The partitioned tracts were given simultaneously. Where a roadway exists, running from one part of a tract of land to another, and it is apparent, in continuous use, and reasonably necessary to the enjoyment of that part of the land to which it provides ingress and egress, and if the owner of such a tract partitions his land conveying the parts to his children, each takes his part subject to the roadway as it existed at the time of the partition. One takes by implied grant and the other takes subject to such implied grant of easement. *Zapata County v. Llanos*, 239 S.W.2d 699 (Tex.Civ. App.—San Antonio 1951, writ ref'd n. r. e.).

The use of the roadway was apparent, continuous, and reasonably necessary to the enjoyment of the lands of Appellee at the time of the partition. Thus there was an implied grant of easement appurtenant to the lands of Appellant in favor of Appellee. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196 (Tex.1962). The judgment of the court below is affirmed.