Kathleen H. CARSON et al., Appellants,

v.

Fred Whittington HAGAMAN,
Jr., et al., Appellees.

No. 11–93–049–CV.

Court of Appeals of Texas,
Eastland.

Aug. 31, 1994.

Rehearing Denied Oct. 20, 1994.

George M. Adams, Kemp, W.H. Hoffmann, Jr., Hoffmann and Siebert, Eastland, J. Richard Whittington, Irving, for appellants.

Mark Mathews, Stanley J. Krist, Miling & Krist, Houston, John L. Oxley, Madisonville, for appellees.

## OPINION

ARNOT, Justice.

This is an appeal from a suit to partition the surface estate of a 5,421.13-acre family ranch located in Eastland and Stephens Counties. TEX.R.CIV.P. 756 et seq. All of the parties to this partition suit are the descendants of M.H. and Emma Hagaman. In an agreed interlocutory judgment,[1] the court: (1) held that the property known as the Hagaman Ranch was subject to partition; (2) found that appellants, who were the plaintiffs[2] at trial, were entitled to 83 percent of the property and appellees, who were the defendants[3] and the intervenors[4] at trial, were entitled to 17 percent of the property; and (3) appointed three commissioners to partition the ranch into two parcels.

The commissioners filed their report pursuant to Rule 769. Rule 771 provides that either party to the suit may file objections to any report of the commissioners in partition and that, in such a case, a trial of the issues thereon shall be had as in any other case. Rule 771 also provides that, if the report be found either to be erroneous in any material respect or unequal or unjust, the report shall be rejected. Appellants objected; and these issues were tried and submitted to the jury, which found that the report was not erroneous and was not unequal or unjust.

---

1. This judgment in a partition action is sometimes referred to as an interlocutory decree, but it is interlocutory only in the sense that it is intermediate in relation to the second decree approving the commissioners' report. See *Redden v. Hickey*, 308 S.W.2d 225 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.).

2. The plaintiffs consist of Kathleen H. Carson (undivided 1/12th interest), Patrick H. Horrigan (undivided 1/3rd interest), John L. Hagaman (undivided 1/6th interest), Betty Lou Doebbler (undivided 1/6th interest), Deirdre McGrath Markham (undivided 1/6th interest), and Priscilla J. Long (undivided 1/12th interest). John L. Hagaman is also named as executor of the Estates of Helen H. Hagaman, Deceased, and of Francis Ruth Markham, Deceased. Priscilla J. Long is also named as executrix of the Estate of C.O. Long, Jr., Deceased. John L. Hagaman and Betty Lou Doebbler are also named as Trustees for their niece, Deirdre McGrath Markham. Plaintiffs own a total undivided interest of 5/6ths (83.33 percent).

3. The defendants are Fred Whittington Hagaman, Jr. (also known as F. Whitt Hagaman, Jr.) and his sister, Betty Ann Hopper. They are also named in some of the pleadings as executors of the Estate of F.W. Hagaman, Deceased. Whitt is the only owner who lives in the county, and he owns other land adjacent to the property in which plaintiffs own their undivided interest.

4. The intervenors are defendants' children. Whitt's children are Kasey Hagaman, Korey Hagaman, and Holly Hagaman. Betty's children are Nancy Freeman, Sandra LaCaze, and Janet Elliott.

Appellants[5] bring three points of error, complaining: (1) that the trial court failed to partition the entire surface estate; (2) that the commissioners exceeded their statutory authority in the report; and (3) that the jury's finding that there was no material error in the commissioners' report is against the great weight and preponderance of the evidence. Because the order confirming the report contains a material error, we reverse the judgment of the trial court and remand the cause.

■ In their third point of error, appellants argue that the jury's finding that there was "no material error" in the commissioners' report was against the great weight and preponderance of the evidence. In determining a challenge to the factual sufficiency of the evidence, we must consider all the evidence in the case, both in support of and contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Company,* 715 S.W.2d 629 (Tex.1986); *Cain v. Bain,* 709 S.W.2d 175 (Tex.1986).

The trial court appointed three commissioners, James Ratliff, Jack Prichard, and Joe Montgomery, to determine if the land could be partitioned and, if so, to divide the ranch into two parcels based upon an 83 and 17 percent ratio in value. Ratliff could not agree with the other two commissioners and did not sign the report.

The commissioners' report provides:

All parties shall have access to the tracts partitioned to them in, upon, over and across all roads designated as "public roads" on the surveyor's plat, and that road commonly referred to as Tiffin Road shall not be closed without consent of all parties.

The surveyor's plat attached to the commissioners' report designates only two roads as public, the Tiffin Road and the Old Country Club Road.

Commissioner Montgomery stated:

In partitioning this property it is simply foolish for commissioners to think that the access would stop at the end of a public road and these people [appellants] would not have access to the balance of their property.

However, by referring to the surveyor's plat, that is what the commissioners' report does.

The tracks of the Union Pacific Railroad dissect the western edge of the ranch, running in a southwesterly to northeasterly direction. There is no access by a public road to the western portion of the ranch, which was awarded to appellants. The Tiffin Road, as shown on the plat, runs in a southwesterly to northeasterly direction parallel to the west boundary of Hagaman Lake, a 50–acre lake, then curves back to the northwest, and then goes straight in a northerly direction. As shown on the plat, the Tiffin Road does not cross the railroad right-of-way.

The Railroad has constructed a tunnel under its tracks that appellees contend is large enough to drive a pickup through and to allow livestock to pass from the eastern part of the ranch to the western portion. However, Kenneth N. (Mike) Wright, a manager in engineering and maintenance for Union Pacific, testified that the tunnel was not safe for this use and that the Railroad would consider it trespassing if anyone were to use it.

Both Commissioners Prichard and Montgomery testified that it was their intention, as commissioners, that all parties would have access to all roads on the entire ranch. However, the order clearly limits access to public roads only.

Commissioner Prichard testified that it was not his intention to use the tunnel as access and that access could be had by crossing land owned by other people. Commissioner Montgomery admitted that the road on the west side of the railroad tracks crossing other property owners was not designated as a public road. Commissioner Montgomery agreed that the tunnel crossing was a poor way to access the property.

---

5. All of the plaintiffs at trial join in one appellants' brief except Kathleen Carson and Patrick Horrigan. Carson and Horrigan sold all of their undivided interest in the family ranch to the BTF Corporation after this case was filed but before the final judgment. BTF has filed its own appellant's brief which will be discussed separately.

The other designated public road borders the ranch on the south. This road, known as the Old Country Club Road, runs east to west along the south border and then angles in a northeasterly direction away from the ranch. The record and the plat indicate that the public portion of this road terminates at an old tank farm.

Commissioner Prichard testified that he thought the Old Country Club Road, which the commissioners intended as an access to part of appellants' property, continued as a public road to the northeast part of the ranch known as the Bald Nob and Post Oak pastures. There was testimony that the private section of the road now had locked gates across it.

Commissioner Prichard admitted that the map contained a material error because the commissioners believed the road to be public at the time they partitioned the property and that it was not the commissioners' intention to leave this portion of the ranch landlocked. Because of the lack of access, Commissioner Montgomery conceded that the plat was incomplete.

█ In their cross-points, appellees first argue that this appeal is an impermissible appeal contrary to an agreed judgment. All parties executed the agreed interlocutory judgment directing the partition of the ranch, agreeing on the respective shares of the parties, and naming the commissioners. The agreed judgment provided:

> It is further ordered, adjudged and decreed, as agreed, that the decision of the Commissioners partitioning Hagaman Ranch shall be made final and binding, after being reported to the Court, by and through an Agreed Final Partition Judgment ... *from which no appeal will be taken by any party.*

However, the agreed interlocutory judgment clearly contemplated that the parties would agree to the final partition and judgment confirming the commissioners' report. No such agreement was ever reached.

█ Next, appellees contend that appellants have raised the issue of access for the first time on appeal. This is the second time this court has had this case before us. In *Carson v. Hagaman,* 824 S.W.2d 267 (Tex. App.—Eastland 1992, no writ) (*Hagaman* I), we reversed this case on the procedural basis that appellants were not given a 45-day notice of trial in violation of TEX.R.CIV.P. 245 and remanded it for trial.

Appellees argue that, in the first appeal, the question of access was not raised in appellants' objection to the commissioners' report. Therefore, appellees contend that appellants have waived this objection. As authority, appellees cite *Owens v. Lubbock Independent School Dist.,* 237 S.W.2d 711 (Tex.Civ.App.—Amarillo 1950, writ ref'd n.r.e.), for the proposition that "[m]atters which could have been but were not pleaded in original action would not be considered on appeal from judgment rendered following retrial after remand." However, *Owens* and the other cases cited by appellees involve cases of limited mandates. That is, the trial court was limited to the issues it could retry. Unlike *Owens,* this court, in *Hagaman I,* did not issue a limited mandate.

Next, appellees direct our attention to *Grimes v. Hall,* 211 S.W.2d 956 (Tex.Civ. App.—Eastland 1948, no writ), where this court stated: "The fairness of the division must be sustained unless the evidence shows conclusively that there is inequality in the value of the shares." Also, this court said: "Where the testimony is conflicting, the report of the commissioners approved by the trial court will not be set aside," citing *Cyphers v. Birdwell,* 32 S.W.2d 937 (Tex.Civ. App.—Texarkana 1930, writ ref'd), and *Stefka v. Lawrence,* 7 S.W.2d 894 (Tex.Civ. App.—Austin 1928, writ dism'd). Appellees argue that, the fact finder having found otherwise, appellants must conclusively establish that there was a material error.

█ In *Grimes,* as well as the cases cited therein, there was an objection to the value placed by the commissioners upon the partitioned shares as being unjust and unfair. However, we do not read *Grimes, Cyphers,* or *Stefka* as stating that the findings can only be attacked by a "no evidence" standard.[6] A

---

6. A "no evidence" point may only be sustained

when the record discloses one of the following:

careful reading of these cases shows that in each of these cases the court was considering a no evidence point and not a great weight point. Clearly, the findings, as in the trial of all other cases (see Rule 771), can be attacked on appeal, if properly preserved, from either a no evidence or great weight point. See *Ellis v. First City National Bank,* 864 S.W.2d 555 (Tex.App.—Tyler 1993, no writ); *Roberts v. Philpot,* 435 S.W.2d 614 (Tex.Civ. App.—Tyler 1968, no writ).

 Finally, appellees argue that the commissioners' report does not leave appellants without access to their partitioned property. Appellees contend that appellants have an implied easement over and across appellees' land and cite *Beck v. Mills,* 616 S.W.2d 353 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd) and *Zapata County v. Llanos,* 239 S.W.2d 699 (Tex.Civ.App.—San Antonio 1951, writ ref'd n.r.e.), as authority.[7] However, unlike the partitioned lands discussed in *Beck* and *Zapata,* access to appellants' property is across lands which are owned by third parties and were never owned in conjunction with the Hagaman Ranch. Regardless, appellees argue that the evidence shows the consent of third parties

to cross their property can be obtained. Appellees introduced a letter from one property owner agreeing to exchange any easements that appellees felt necessary.[8] However, this court must review the judgment as it is and not as it could have been or could be. Also, we do not find the authority under TEX. R.APP.P. 80(b) that would allow this court to reform the property description as contained in the commissioners' report or to define public roads as to conform to the intention of the commissioners as requested by appellees at oral argument.

 The commissioners' report, confirmed by the trial court, denies access to appellants' apportioned property. Such is a material error. After considering all of the evidence, we find that the jury's finding that there was no material error in the commissioners' report to be so against the great weight and preponderance of the evidence as to be manifestly unjust.[9] Point of Error No. 3 is sustained.

Because Point of Error No. 3 is dispositive of the case before us, we need not address appellants' first and second points of error or those points raised in BTF Corporation's brief. The judgment of the trial court is

---

(1) a complete absence of the evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Insurance Company v. Thomas,* 678 S.W.2d 278 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX.L.REV. 361 (1960).

In determining a "no evidence" point, the appellate court must consider only the evidence and inferences which tend to support the finding and disregard all evidence and inferences to the contrary. *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex.1974); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld.

7. In *Zapata County v. Llanos,* supra at 701, the court held that:
 [W]here there is a partition of land by joint owners, each takes his portion of the real estate subject to such continuous, apparent, permanent and necessary easements as exist at the time of the partition or had theretofore

existed at the time of their common ancestor or grantor.
 In *Beck v. Mills,* supra at 355, the court stated that:
 Where a roadway exists, running from one part of a tract of land to another, and it is apparent, in continuous use, and reasonably necessary to the enjoyment of that part of the land to which it provides ingress and egress, and if the owner of such a tract partitions his land conveying the parts to his children, each takes his part subject to the roadway as it existed at the time of the partition. One takes by implied grant and the other takes subject to such implied grant of easement.

8. The record also contains evidence contrary to appellees' assertion that consent can be obtained. There was testimony that gates had been placed across the private sections of the continuation of the Old Country Club Road as well as the Tiffin Road. Mike Wright, a manager for Union Pacific, stated that appellants were not authorized to use the railroad's private road that ran along the west side of their tracks.

9. We are not holding nor are there any allegations that the commissioners did not act in a professional manner.

reversed, and the cause is remanded for further proceedings pursuant to Rule 771.