11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Elsie Goodgion and
Gregory E. Sikes

Appellants

Vs.                   No.
11-01-00001-CV B Appeal from Brown County                           

Wanda Guthrie 

Appellee           

 

Elsie
Goodgion and Wanda Guthrie are sisters. 
They are involved in a dispute in connection with land that their mother
and father, the Parsons, owned and later divided between the two daughters and
two of the Parsons=
grandsons.[1]  Appellants maintain that they are entitled
to an implied easement across appellee=s property.  The trial court
disagreed and, after a bench trial, 
held that there was no implied easement because appellants had access to
their property by way of a public roadway or easement.  We reverse and render judgment that an
implied easement appurtenant or  by
prior use exists across appellee=s property for access to appellants= property.

Appellants
present three points of error.  The
points as stated by appellants are:

(1) The
trial court erred in making a findings of fact that appellants= property had legal access to a public
roadway based on insufficient evidence to support the finding.

 

(2) The
trial court erred in failing to make a findings of fact and conclusions of law
that the evidence established appellants had an implied easement or easement by
necessity as a matter of law.

 

(3) The
trial court erred in making an implied findings of fact that the property of a
necessary party not made a party to the suit was encumbered by a public roadway
or an easement for the benefit of appellants= property.

 








In 1961,
the Parsons purchased 22.53 acres of land. 
The tract is AL@ shaped and lies immediately to the north and
to the east of a tract of land that belonged, at one time, to A. V. and Annie
Eula Dodds.  F.M. Highway 585 is located
on the west boundary line of the Dodds= tract and the most westerly boundary line of the Parsons= tract. 
Property not involved in this suit abuts the south boundary line of both
properties.  R. B. Flores owned a tract
of land immediately to the east of the Parsons= tract.

In 1962,
the Dodds and the Parsons deeded Flores a roadway easement across the south
boundary lines of their properties.  The
easement extended from the Flores= tract, across the southern boundary line of the Parsons= tract, across the southern boundary line of
the Dodds= tract, and finally to the east boundary line
of F.M. Highway 585.  After he obtained
the easement, Flores deeded his land to the Texas Veteran=s Land Board who in turn sold it to others.

In 1970,
the Parsons purchased a 22.186-acre tract of land known as the AThomas Place.@  The south boundary line of the
Thomas Place was also the north boundary line of a portion of the original
22.53-acre tract owned by the Parsons. 
Another tract of land not included in this lawsuit abutted the remainder
of the north boundary line of the original 22.53-acre tract.

The
Parsons subsequently deeded the Thomas Place to their daughter Goodgion and her
son, Sikes.  A correction deed was
executed in February 1995 to correct the consideration clause as stated in the
original deed and to reserve Athe minerals@ to
the Parsons.  On October 25, 1994, the
Parsons conveyed to Goodgion and Sikes, a 30-foot roadway easement running
north and south along the east boundary line of the original 22.53-acre tract.  On that same date, the Parsons also conveyed
a 10-foot utility easement to Goodgion and Sikes.  This easement runs east and west along the north boundary line of
the original 22.53-acre tract and was for the purpose of Ainstallation, repair, replacement and
inspection of the utility line and the easement.@

On
December 6, 1994, the Parsons executed a purported conveyance of a 40-foot
roadway easement to Goodgion, but it did not name Sikes as a grantee.  This easement ran along the south boundary
line of the Dodds=
tract.  The Parsons never owned any interest
in the Dodds= tract.

On
December 6, 1994, the Parsons deeded the original 22.53-acre tract to their
daughter Wanda F. Guthrie and her son, Phillip A. Wells.  The property was subsequently conveyed
to  Guthrie as trustee of The Wanda F.
Guthrie Family Trust.








At some
point in time, a dispute arose between appellants and appellee as to the proper
ingress and egress to the Thomas Place. 
Appellee filed suit against appellants seeking declaratory relief,
injunctive relief, and damages.  Appellants
answered and also sought declaratory relief, injunctive relief, and a
declaration that they were entitled to an implied easement.  Appellants maintained that the Parsons, as
well as themselves, had always gained access to the Thomas Place by entering
the original 22.53-acre tract close to its northwest corner.  They entered off F.M. Highway 585, drove
between a house and a barn which were located in that corner of the original
22.53-acre tract, and then would Ameander@ to the southwest corner of the Thomas Place
and enter the Thomas Place there. 
Appellants claim that their property is landlocked, and it is this route
which they claim as an implied easement appurtenant and as an implied easement
by necessity.

Appellee
maintains that the Thomas Place is not landlocked.  Appellee claims that access is available by using an easement
which she asserts runs along the south boundary line of the Dodds= and Parsons= tracts and the easement which runs across the east boundary line of
the Guthrie=s tract to the Thomas Place.  These easements intersect.  

The trial
court issued an injunction against appellee basically enjoining her from
interfering with appellants= use of the utility easement. 
That injunction is not a part of this appeal.  The trial court also held that appellants were not entitled to an
implied easement.

We will
first discuss appellants= claim that they are entitled to an implied easement appurtenant.  An implied easement by prior use is also
sometimes known as an implied easement appurtenant, and where appurtenant to
the conveyed tract, arises as an implied grant.   Among other things, appellants cite Beck v. Mills, 616 S.W.2d
353 (Tex.Civ.App. B
Houston [14th Dist.] 1981, writ ref=d).  Beck stands for the
proposition that, in order to establish an implied easement appurtenant,
appellants had the burden to prove:  (1)
an original unity of ownership; (2) that the use was apparent at the time of
the grant; (3) that there was a continuous use to the time of the grant; and
(4) that the easement was reasonably necessary to a fair and enjoyable use of
the property conveyed.  See also
Westbrook v. Wright, 477 S.W.2d 663, 665-66 (Tex.Civ.App. B Houston [14th Dist.] 1972, no writ);
CUNNINGHAM, STOEBUCK, WHITMAN, THE LAW OF PROPERTY, ' 8.5 (2d ed. 1993).  Further, there must be some degree of definiteness of the
scope.  Drye v. Eagle Rock Ranch, Inc.,
364 S.W.2d 196, 208 (Tex.1962).  








Appellants
had the burden of proof on the findings which they challenge.  Our review of appellants= complaints convinces us that appellants are
raising  Amatter of law@
issues.  Holley v. Watts, 629 S.W.2d 694
(Tex.1982); Roach v. Dickenson, 50 S.W.3d 709 (Tex.App. B Eastland 2001, no pet=n). 
Standards that apply to a review of jury findings also apply to a review
of findings of fact entered after a bench trial.  Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.1996).  Because they had the burden of proof at
trial upon the challenged findings, appellants must have conclusively
established that they were entitled to an implied easement.

We have
examined the entire record and find that appellants have established the
contrary propositions as a matter of law. 
The evidence established that the Parsons owned both the Thomas Place
and the original 22.53-acre tract prior to the time that the properties were
divided by them.  The evidence further
conclusively establishes that, at the time the Thomas Place was conveyed to
appellants, the parties, for some time, had been gaining access to and from the
Thomas Place across the original 22.53-acre tract.  The evidence further established that such use of  the roadway was apparent at the time the
Thomas tract was deeded to appellants and that such use had been continuous to
the time of the conveyance to them. 
Furthermore, the evidence established that, at the time the Parsons
conveyed the Thomas Place to appellants, there was no other way in or out of
the tract except the way that the parties used prior to the conveyance.  Appellee argues that an easement, either by
express grant or by public use, existed across the south boundary line of the
Dodds= tract and that appellants had access to
their tract by virtue of that easement. 
However, that purported easement was not in existence, if ever, on the
date of the conveyance to appellants. 
The time of the conveyance is the appropriate time to ascertain whether
the easement was reasonably necessary to a fair and enjoyable use of the
property conveyed.  Drye v. Eagle Rock
Ranch, Inc., supra at 207.             Because appellants have established
all of the elements of their claim, we hold that an implied easement
appurtenant to the Thomas Place exists across the original 22.53-acre tract.








If we are
correct in our holding that an implied easement appurtenant exists in favor of
the Thomas Place, then there is no longer a need for an implied easement by
necessity because the tract would no longer be landlocked.  However, if we are in error in our holding
in connection with the implied easement appurtenant, appellants are entitled to
an implied easement by necessity.  In
order to establish an implied easement by necessity, the burden was upon
appellants to establish:  (1) that there
was unity of ownership prior to separation; (2) that the access must be a
necessity and not a mere convenience; and (3) that the necessity must exist at
the time of the severance of the two estates. 
Koonce v. Brite Estate, 663 S.W.2d 451, 452 (Tex.1984).    Appellants challenge the trial court=s finding that appellants= tract could be accessed via a public
roadway.  The burden of proof at trial
upon the challenged findings was upon appellants, and we will review the
findings under the same standards as with the implied easement
appurtenant.  

The Anecessity@ element of an implied easement by necessity is the real issue
here.  The initial inquiry in this case
is the status of any easement purportedly conveyed to Goodgion by the Parsons
across the southern boundary line of the Dodds= tract and allegedly used by the public.  The Parsons owned no interest in the Dodds= tract. 
Because they owned no interest in the Dodds= tract, the Parsons could not convey any
interest in the tract.  Cockrell v.
Texas Gulf Sulphur Company, 299 S.W.2d 672, 675 (Tex.1956).  Therefore, the purported conveyance of the
easement by the Parsons did not provide access to appellants= property. 
Unless an easement existed across the Dodds= tract for some other reason, appellants= property is landlocked; therefore, having
established the other elements of their claim, they are entitled to an implied
easement by necessity.

Appellee
claims that appellants are not entitled to an easement by necessity because
they had access to their property by virtue of a public easement across the
Dodds= tract. 
Before an easement is created by public use, there must be an expressed
or an implied dedication of the easement to public use.  In this case, there is no expressed dedication.  Where ownership of the land bordered by the
asserted easement at the origin of the beginning of public use is:

[S]hrouded in obscurity, and no proof can be
adduced to show the intention of the owner allowing the use, the law raises a
presumption that the requisite intention and acts disclosing it were
present.  

 

O=Connor v. Gragg, 339 S.W.2d 878, 883
(Tex.1960).  There is no evidence in
this record which meets this test.  The
record contains no evidence that would support a finding that the easement
across the Dodds= tract had been impliedly dedicated to the
public use.  Ladies= Benev. Soc. of Beaumont v. Magnolia Cemetery
Co., 288 S.W. 812, 814 (Tex.1926).   The
court stated:

Mere use of the property by the public,
without a manifested intention on the part of the property owner to surrender
to the pubic the dominion over the property, so far as such use may be
concerned, is insufficient to establish a dedication to pubic use.

 








Ladies= Benev. Soc. of Beaumont v. Magnolia Cemetery
Co., supra at 814.  Furthermore, the
only evidence supports the opposite of the finding.  The Dodds conveyed the easement specifically to R.B. Flores so
that he, his heirs, and assigns could reach land that he owned to the east of
the Dodds= and Parsons= tracts.  That land was
subsequently subdivided and sold to the Texas Veteran=s Land Board which in turn sold to various
others.  The record does contain
testimony that the public used the road for some years; however, that testimony
is relevant only to a consideration of the extent and use of an implied
easement by prescription, and no such claim is being made here.  See O=Connor v. Gragg, supra at 880-82. 

Appellants
have conclusively established a proposition contrary to the findings of the
trial court and are entitled to an implied easement by necessity as a matter of
law.  Appellants= Points of Error Nos. 1 and 2 are
sustained.  We need not discuss
appellants= third point.  TEX.R.APP.P. 47.1.

The
judgment of the trial court is reversed, and judgment is rendered that an
implied easement appurtenant for ingress and egress to the Thomas Place across
Wanda Guthrie=s property exists as that easement existed
when the Parsons conveyed the Thomas Place to Elsie Goodgion and Gregory E.
Sikes.

 

JIM
R. WRIGHT

JUSTICE

 

April 11, 2002

Do not publish.  See TEX.R.APP.P 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J. and McCall, J.








                                                                   APPENDIX
I

 











[1]See Appendix I which is a Anot to scale@
drawing generally depicting the properties.