# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00840-CV

**Jimmie Luecke Children Partnership, Ltd., Appellant**

**v.**

**Elaine Pruncutz, John Pruncutz, and Amy Peters, Appellees**

### FROM THE DISTRICT COURT OF LEE COUNTY, 335TH JUDICIAL DISTRICT
### NO. 11,936, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jimmie Luecke Children Partnership, Ltd. (Partnership) challenges a final judgment in which the district court, following a bench trial in a partition suit, approved a commissioners' report partitioning land owned by the Partnership and Appellees Elaine Pruncutz, her husband John Pruncutz, and her daughter Amy Peters (collectively, Pruncutz).

Pruncutz filed this suit to partition in kind a 525.39-acre tract of land between their interest and the interest owned by the Partnership. The trial court rendered an interlocutory judgment finding that the property was susceptible to partition, determined Pruncutz and the Partnership each owned a 50% interest, ordered that Pruncutz's share of the property should include the homestead, and appointed three commissioners to partition the property. We affirmed the interlocutory judgment in a memorandum opinion. *Jimmie Luecke Children P'ship, Ltd. v. Pruncutz*, No. 03-03-00388-CV, 2005 WL 910144 (Tex. App.—Austin Apr. 21, 2005, pet. denied) (mem. op.).

In this appeal from the trial court's final judgment approving the commissioners' report, the Partnership challenges only the location of the access easement granted to its severed tract by the partition. We affirm the trial court's judgment.

## BACKGROUND

The commissioners' report approved by the trial court partitioned the 525.39-acre property at issue into two tracts: (1) a 300-acre tract awarded to the Partnership running along the western and southern borders of the property, with a narrow strip of land extending north to connect to the only public road with access to the property, Farm-to-Market Road 2239 (FM 2239), and (2) a 225.39-acre tract awarded to Pruncutz on the northeast portion of the property which includes Pruncutz's homestead.[1]

With regard to access, the commissioners' report provides the Partnership a direct means of access by granting it a narrow strip of undeveloped land in the northwest portion of the Partnership's tract that connects directly to FM 2239.[2] Because the commissioners awarded the Partnership a direct means to access its property from a public road, the Texas Property Code did not require the commissioners to award the Partnership an easement across Pruncutz's severed tract. *See* Tex. Prop. Code § 23.006 (providing that commissioners—unless waived by the parties—shall grant a partitioned tract without means of access to a public road or easement appurtenant to the tract an easement across an adjoining partitioned tract to provide reasonable ingress and egress).

---

[1] A diagram of the partitioned property is attached as an appendix.

[2] Because Pruncutz's tract does not have direct access to a public road or an easement to cross an adjoining landowner's property, the commissioners awarded Pruncutz an easement to access FM 2239 along this narrow strip of land owned by the Partnership. *See* Tex. Prop. Code § 23.006. Pruncutz's easement is not challenged by the Partnership.

Nevertheless, the commissioners elected to also grant the Partnership an additional means to access its property by granting it an easement along the eastern edge of Pruncutz's tract.[3] This easement provides the Partnership with access to the southeastern corner of its tract from an undedicated roadway connecting to the easement on the northeast corner of Pruncutz's tract and running to FM 2239 across an adjoining landowner's property. The only commissioner present at trial testified that the commissioners wanted to impartially provide both parties with "good access" to their tracts and that they granted the additional easement to provide the Partnership access to the back of its property during flooding.

The commissioners did not, however, agree to the Partnership's request to provide another means of access via an easement across the middle of Pruncutz's tract. The easement sought by the Partnership would run along an undedicated roadway extending horizontally across the middle portion of Pruncutz's tract—from its northeastern corner to the western border where it meets the Partnership's tract—and would bring the Partnership's route within a couple hundred feet of Pruncutz's homestead. This roadway does not have direct access to a public road, but rather connects to the undedicated roadway on the northeast corner of Pruncutz's tract that extends to FM 2239 across the adjoining landowner's property. Although the parties have historically accessed their property from FM 2239 via the undedicated roadway extending across their neighbor's property, neither party has a recorded easement to travel across the adjoining landowner's property.

---

[3] In its brief, the Partnership asserts that "no road currently exists along [the Partnership's] easement." This is contrary to the undisputed evidence at trial. The only commissioner present during the trial testified that there was an "existing road" along the Partnership's easement providing access to its property. The general partner for the Partnership, Jimmie Luecke, confirmed on cross-examination that there was an existing road running along the Partnership's easement currently used by the Partnership to access the southeast corner of the property.

The Partnership filed an objection to the commissioners' report—as authorized by Texas Rule of Civil Procedure 771—objecting to the access granted to the severed tracts by the partition. In support of the Partnership's objections, Jimmie Luecke—the general partner for the Partnership—testified that the access granted to the Partnership in the partition was "a lot worse" than the access granted to Pruncutz because the Partnership's easement was prone to flooding in heavy rain, but the roadway extending across the middle of Pruncutz's tract had never flooded and had existed as long as he could remember. After hearing the evidence, the trial court issued a final judgment confirming and partitioning the land in accordance with the commissioners' report. The Partnership filed a motion for new trial alleging there was insufficient evidence to support the judgment.

In two issues on appeal, the Partnership challenges the sufficiency of the evidence supporting the trial court's final judgment, contending (1) the Partnership was entitled to an implied easement as a matter of law along the roadway extending across the middle of Pruncutz's tract, and (2) the trial court's implied finding that the commissioners' report was equal and just is factually insufficient because the easement given to the Partnership is prone to flooding. *See* Tex. R. Civ. P. 771.

## STANDARD OF REVIEW

Two judgments are rendered in a partition suit. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980) (per curiam). The first judgment, sometimes referred to as an interlocutory decree, determines the interest of each of the joint owners and whether the property is susceptible to partition. Tex. R. Civ. P. 760, 761; *see also Snow v. Donelson*, 242 S.W.3d 570, 572 (Tex. App.—Waco 2007, no pet.); *Carson v. Hagaman*, 884 S.W.2d 194, 195 n.1

4

(Tex. App.—Eastland 1994, no writ). If the property is susceptible to partition, the trial court will appoint commissioners to partition the property in accordance with the respective interests of the joint owners. Tex. R. Civ. P. 761. The commissioners then will issue a report partitioning the land in accordance with the interlocutory decree and the requirements of Texas Rule of Civil Procedure 769. Tex. R. Civ. P. 769. Within thirty days of the date the commissioners' report is filed, either party to the suit may file objections to the report. Tex. R. Civ. P. 771. The party objecting to the commissioners' report has the burden of proving that the report is materially erroneous or that it unequally and unjustly partitions the property. *Id.*; *Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no writ).

The second judgment, sometimes referred to as the final decree, approves the report of the commissioners and partitions the property. *Snow*, 242 S.W.3d at 572; *Marmion v. Wells*, 246 S.W.2d 704, 705 (Tex. Civ. App.—San Antonio 1952, writ ref'd). If the trial court finds the report to be "erroneous in any material respect, or unequal and unjust," the trial court must reject the report and appoint other commissioners to partition the land. Tex. R. Civ. P. 771; *see also Snow*, 242 S.W.3d at 572. Although the first judgment is often characterized as preliminary or interlocutory, both judgments are final for purposes of appeal. *Marmion*, 246 S.W.2d at 705. Matters decided in the interlocutory decree cannot be reviewed in an appeal from the final decree. *Id*.

The Partnership here challenges the legal and factual sufficiency of the evidence supporting the trial court's final decree. The trial court's findings in a partition suit, as in the trial of all other cases, may be attacked on appeal for legal and factual sufficiency. *Carson*, 884 S.W.2d at 198. However, the Partnership made no request to the trial court for findings of fact

5

and conclusions of law. Absent such findings and conclusions, we will assume the trial judge found every fact proposition necessary to sustain the judgment. *Grimes v. Collie*, 733 S.W.2d 338, 341 (Tex. App.—El Paso 1987, no writ). A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

Because the Partnership attacks the legal sufficiency of the trial court's finding that there was not an implied easement along the undedicated roadway extending across Pruncutz's tract—an issue upon which the Partnership had the burden of proof—it must demonstrate its claims were established as a matter of law by the evidence in the trial record. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). In reviewing a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* The point of error should be sustained only if the contrary proposition is conclusively established. *Id.*

For its factual sufficiency challenge to the trial court's implied finding that the partition report was just and equal, the Partnership must demonstrate on appeal that the adverse finding, upon which it had the burden of proof, is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In reviewing factual sufficiency, we must examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *Id.* We may not pass upon the witnesses' credibility or substitute our judgment for that of the fact finder, even if the evidence would support

6

a different result. *Id.* We may set aside the verdict for factual sufficiency only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

**DISCUSSION**

In its first issue on appeal, the Partnership contends it was entitled as a matter of law to an implied easement along the undedicated roadway extending east to west across the middle of Pruncutz's tract. Implied easements arise when it can be implied from the circumstances surrounding the severance of a previously unified tract of land that the parties intended for an easement to pass to a severed tract. *See Mitchell v. Castellaw*, 246 S.W.2d 163, 167 (Tex. 1952) ("The basis of the doctrine [of implied easements] is that the law reads into the instrument that which the circumstances show both grantor and grantee must have intended, had they given the obvious facts of the transaction proper consideration."); *see also Seber v. Union Pac. R.R. Co.*, 350 S.W.3d 640, 647–48 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("[T]he circumstances surrounding an owner's conveyance of part of a previously unified tract of land may cause an easement to arise between the two new parcels.").

When land is partitioned between joint owners, an implied easement may arise from a joint owner's use of an existing roadway running from one part of a tract of land to another, if—at the time of severance—the use of the roadway was apparent, continuous, and reasonably necessary to that part of the land to which it provides ingress and egress. *See Beck v. Mills*, 616 S.W.2d 353, 355 (Tex. Civ. App.—Houston [14th Dist.] 1981, writ ref'd); *Zapata Cnty. v. Llanos*, 239 S.W.2d 699, 701 (Tex. Civ. App.—San Antonio 1951, writ ref'd n.r.e). At the time of partition, the dominant and servient estates are created and each severed tract takes its land subject to the roadway

7

as it existed at the time of partition. *Beck*, 616 S.W.2d at 355; *see also Daniel v. Fox*, 917 S.W.2d 106, 111 (Tex. App.—San Antonio 1996, writ denied). "One takes by implied grant and the other takes subject to such implied grant of easement." *Beck*, 616 S.W.2d at 355.

To establish an implied easement as a matter of law, the Partnership had the burden of conclusively proving: (1) unity of ownership between the dominant and servient estates; (2) apparent use of the roadway; (3) continuous use of the roadway, so that the parties must have intended its use to pass by grant to the Partnership; and (4) use of the roadway was reasonably necessary to the use and enjoyment of the Partnership's tract. *See Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 207 (Tex. 1963); *Vinson v. Brown*, 80 S.W.3d 221, 228–29 (Tex. App.—Austin 2002, no pet.) (elements of implied easement); *see also Zapata Cnty.*, 239 S.W.2d at 701 (noting that necessity required for implied easement arising from partition of land owned by joint owners is that use which is reasonably necessary for convenient and comfortable enjoyment of the property as it existed when the severance was made). Whether these requirements have been met is to be determined as of the time of severance. *Vinson*, 80 S.W.3d at 229. "[A]ll elements necessary for a finding of an implied easement are essential, and absent all the necessary elements, an implied easement cannot exist." *Houston Bellaire, Ltd. v. TCP LB Portfolio I, L.P.*, 981 S.W.2d 916, 920 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Proving an implied easement as a matter of law "is a difficult burden; essentially [the Partnership] must demonstrate with regard to these discrete issues, that they established all vital facts in support of these issues so conclusively that they were entitled to judgment as a matter of law." *Vinson*, 80 S.W.3d at 228.

We conclude the Partnership failed to meet its burden of proving an implied easement as a matter of law. With regard to the first element, unity of ownership, the Partnership had the

8

burden of conclusively proving unity of ownership between the dominant and servient estates as a unit or single tract prior to severance. *Koonce v. Brite Estate*, 663 S.W.2d 451, 452 (Tex. 1984). To access its tract from the easement sought, however, the Partnership must travel from FM 2239 across lands owned by third parties to which it does not have a recorded easement and to which it did not present evidence demonstrating common ownership. An implied easement cannot arise across lands owned by third parties that were never owned in conjunction with the partitioned tract. *See Carson*, 884 S.W.2d at 198 (finding no implied easement when "access to appellant's property is across lands which are owned by third parties and were never owned in conjunction with [partitioned tract]"); *see also Holden v. Weidenfeller*, 929 S.W.2d 124, 130 (Tex. App.—San Antonio 1996, writ denied) (implied easement along road could not exist where portion of land that road crossed belonged to third party at time of severance). The commissioners did not have the authority to grant the Partnership an easement across lands owned by third parties, and without access over the adjoining property, the easement the Partnership seeks to imply would be a road to nowhere. Because a portion of the roadway providing access to the Partnership's tract belongs to a third party, we cannot conclude the Partnership established as a matter of law the unity of ownership between the dominant and servient estates necessary for an implied easement.[4]

---

[4] The easement granted to the Partnership on the eastern edge of Pruncutz's tract suffers from the same defect as the easement the Partnership seeks to imply, i.e, both easements require the Partnership to travel across lands owned by third parties. Although the Partnership could lose access to its tract from the easement granted, the commissioners complied with the requirements of Property Code section 23.006 by additionally granting the Partnership direct access to its property from a public road. *See* Tex. Prop. Code § 23.006. We also note that the commissioners, unlike the Partnership, were not required to establish unity of ownership between the dominant and servient estates as a matter of law.

9

With regard to the second element—apparent use of the easement—the evidence at trial was sufficient to establish apparent use of the undedicated roadway at the time of severance. *See Drye*, 364 S.W.2d at 207 (road onto or out of granted area in existence at time of severance establishes apparent use).

We cannot, however, conclude that the Partnership established continuous use of the easement at the time of severance, such that the parties must have intended for an easement to pass by implication. *See Drye*, 364 S.W.2d at 208 (for an implied easement to arise, "use must have been continuous—so that the parties must have intended that its use pass by the grant"); *Mitchell*, 246 S.W.2d at 167 (basis of doctrine of implied easements is "that the law reads into the deed that which the circumstances show both grantor and grantee must have intended"); *Scarborough v. Anderson Bros. Constr. Co.*, 90 S.W.2d 305, 310 (Tex. Civ. App.—El Paso 1936, writ dism'd) ("Implied easements are based upon the presumed intent of the parties. They are implied to carry into effect such intention.").

The Texas Supreme Court has explained that implied easements based on prior use of land are created when an owner used one part of his land, the servient estate, for the benefit of another portion of his land, the dominant estate. *See Drye*, 364 S.W.2d at 207. When the land is severed, those uses of the servient estate that were apparent, continuous, and necessary at the time of severance pass by implication to the dominant estate. *Id.* Thus, "[t]he law read into the instrument that which both grantor and grantee must have intended had they both given the obvious facts of the transaction proper consideration." *Id.*

Here, however, the partition defined a means of access to each tract distinct from the easement the Partnership seeks. When land is partitioned among joint owners and each owner

10

is granted access to its tract in accordance with the requirements of section 23.006 of the property code, it cannot be implied that the parties intended any additional easements to pass in the partition. *See* Tex. Prop. Code § 23.006 (providing that commissioners—unless waived by the parties—shall grant a partitioned tract without means of access to a public road or easement appurtenant to the tract an easement across an adjoining partitioned tract to provide reasonable ingress and egress). Rather, the grant of an express easement—as in this case—negates any presumption of an easement by implication along another roadway where an easement was not awarded. *See Adams v. Norsworthy Ranch, Ltd.*, 975 S.W.2d 424, 427 (Tex. App.—Austin 1998, no pet.) ("When an express easement exists there can be no implied easement incidental to the grant of the express easement except that which is reasonably necessary to the fair enjoyment of the express easement."); *see also Holstrom v. Lee*, 26 S.W.3d 526, 531–32 (Tex. App.—Austin 2000, no pet.) ("In determining whether an easement should be implied, we consider factors such as the terms of the conveyance.").

Further, an easement may not arise by implication from a prior use when such use is discontinued by the partition. *See Zapata Cnty.*, 239 S.W.2d at 702 ("[U]pon severance of such ownership there arises by implication of law a grant of the right to continue such use, . . . unless the contrary is provided."); *see also* 28A C.J.S. Easements § 83 (2013) ("Such an easement will not arise by implication . . . where provision is made in the partition for a discontinuance."). Here, the partition discontinues the Partnership's use of the road extending across the middle of Pruncutz's tract but grants it two alternatives to access its property—thereby extinguishing any claim to an easement by implication. *See Adams*, 975 S.W.2d at 427; *Zapata Cnty.*, 239 S.W.2d at 702. Moreover, the Partnership objected to the access granted in the partition and requested the trial court grant it additional access across Pruncutz's tract. The trial court considered the evidence, overruled

11

the objection, and approved the commissioners' report granting the Partnership two alternate means of access. Accordingly, this was "not a situation in which the partition decree was merely silent about a recognized road" and it could be implied from the circumstances that the parties intended an easement to pass in the partition. *Lasater v. Maher*, 330 S.W.2d 481, 482 (Tex. App.—San Antonio 1959, no writ). Rather, the trial court expressly rejected the Partnership's request for an easement across Pruncutz's tract, and it cannot be implied that the parties intended such an easement to pass in the partition. *See id.* Accordingly, we conclude the Partnership failed to conclusively establish continuous use of the easement such that the parties must have intended for the easement to pass by implication in the partition.

The final element to establish an implied easement as a matter of law is that of necessity. When land is partitioned between joint owners, the degree of necessity required for an implied easement is reasonable necessity. *Zapata Cnty.*, 239 S.W.2d at 702; *see also Cotter v. Moore*, 634 S.W.2d 332, 335 (Tex. App.—Corpus Christi 1982, writ ref'd n.r.e.); *Beck*, 616 S.W.2d at 355 (when land is partitioned, reasonable—rather than strict—necessity required for implied easement). To establish reasonable necessity as a matter of law, the Partnership was required to conclusively prove that the easement was necessary for the fair enjoyment of its property as it existed at the time of severance. *Beck*, 616 S.W.2d at 355; *Zapata Cnty.*, 239 S.W.2d at 702; *see also Drye*, 364 S.W.2d at 207 (mere convenience insufficient to establish implied easement, use must be necessary and essential to the proper enjoyment of the estate granted).

At the time of severance, the Partnership had two means to access its property—including direct access from a public road and an easement along the eastern edge of Pruncutz's tract. When, as here, a party "has access to a part of his tract of land by way of travel

over his own property, this, as a matter of law, is a better and more direct route than one which burdens an adjacent landowner. . . . It does not matter that the route across one's own land is longer, more circuitous, or in an inferior condition physically." *Adams*, 975 S.W.2d at 429. Accordingly, we cannot conclude the Partnership has established, as a matter of law, that an easement across the middle of Pruncutz's tract—in addition to the two means of access provided by the partition—was reasonably necessary for the use and enjoyment of the Partnership's tract. *See id.*; *see also Vinson*, 80 S.W.3d at 229 (appellant failed to establish implied easement on lakefront property was reasonably necessary as a matter of law when appellant had express easements to use other areas of subdivision with lake frontage); *Adams*, 975 S.W.2d at 427 ("Because the Adamses have been granted an access route along the Easement Road pursuant to the express language of the written easement, they cannot show that an additional easement route is reasonably necessary to the convenient and comfortable enjoyment of the property as it existed when the severance was made."). Accordingly, we conclude the Partnership failed to establish an implied easement as a matter of law.

In its second issue on appeal, the Partnership challenges the factual sufficiency of the trial court's implied finding that the partition report was just and equal. *See* Tex. R. Civ. P. 771; *DeMarco v. Van Hees*, 493 S.W.2d 553, 554 (Tex. Civ. App.—Houston [14th Dist.] 1973, no writ). The burden of proof is on the party who attacks the report of the commissioners to show that the portion allotted to him was not equal and just. *Vestal v. Jackson*, 598 S.W.2d 724, 726 (Tex. Civ. App.—Waco 1980, no writ). The Partnership contends the report unequally and unjustly divided access between the tracts because the easement given to the Partnership is prone to flooding, but the road given to Pruncutz across the middle of their tract sits on higher ground that does not flood. "The fairness of the division must be sustained unless the evidence shows conclusively that

13

there is inequality in the value of the shares." *Grimes v. Hall*, 211 S.W.2d 956, 958 (Tex. Civ. App.—Eastland 1948, no writ).

As discussed above the commissioners' report granted the Partnership two means to access its property—including direct access to its property from a public road. *See Adams*, 947 S.W.2d at 429 ("When one has access to a part of his tract of land by way of travel over his own property, this, as a matter of law, is a better and more direct route than one which burdens an adjacent land owner . . . . It does not matter that the route across one's own land is longer, more circuitous, or in an inferior condition physically."). Further, although the general partner for the Partnership testified that its access was "a lot worse" than Pruncutz's because the easement awarded to the Partnership was prone to flooding, the commissioner testified that the easement given to the Partnership was specifically granted to provide access during flooding. *See Price v. Price*, 394 S.W.2d 855, 859 (Tex. Civ. App.—Tyler 1965, writ ref'd n.r.e.) (report of the commissioners approved by trial court will not be set aside where testimony is conflicting). Finally, the alternate easement the Partnership seeks would extend across the entirety of Pruncutz's tract from its eastern to western borders and bring the Partnership's route closer to Pruncutz's homestead. *See* Tex. Prop. Code § 23.006 (access easement granted by commissioners across partitioned tract must be the shortest route to the adjoining tract that "causes the least amount of damage to the tract subject to the easement" and "is located the greatest reasonable distance from the primary residence and related improvements located on the tract subject to the easement"). After reviewing all the evidence, we conclude the Partnership did not sustain its burden of proving the report of the commissioners unjustly or unequally partitioned the property. The Partnership has not shown that the trial court's

judgment is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 16, 2013



FM 2239

Partnership Direct Access

N
W —— E
S

Undedicated Roadway ➡

Partnership
Easement

Partnership
300-acre tract

Homestead

Pruncutz
222.39-acre tract

## Diagram of Partition

Not Drawn to Scale