## GRIMES v. HALL et al.
### No. 2666.

Court of Civil Appeals of Texas. Eastland.
May 21, 1948.

Stubbeman, McRae & Sealy, of Midland, for appellant.

Wagstaff, Harwell, Wagstaff & Alvis, of Abilene, for appellees.

GRISSOM, Chief Justice.

Joe W. Grimes owned an oil and gas lease covering an undivided one-fourth interest in Section 86, Block 1, H. & T. C. Ry. Co. land in Fisher County, and Ellis A. Hall owned an oil and gas lease on an undivided three-fourths interest in said section. Ellis A. Hall and others, owners of an undivided three-fourths interest in the minerals in said survey, filed a partition suit against Joe W. Grimes and Myrtle Chaffin, owners of one-fourth of the minerals, to partition the minerals in said section. From a judgment ordering a partition, both Chaffin and Grimes gave notice of appeal but only Myrtle Chaffin perfected an appeal. The judgment ordering a partition was affirmed by this court. See Chaffin v. Hall, Tex.Civ.App., 210 S.W.2d 191. Thereafter, the commissioners partitioned said minerals by setting aside to Grimes an oil and gas lease on the West 160 acres of said section as the part covered by the oil and gas lease executed to him by Myrtle Chaffin. The remainder of the minerals in said West 160 acres was allotted to Myrtle Chaffin. The oil and gas lease on the remainder of the section was set aside to Ellis A. Hall. The commissioners set aside to Jennings B. Terrell, Sr., and the other co-plaintiffs of Hall the remainder of the minerals under the lease set aside to Hall. The report filed by the commissioners stated that it was impossible to determine the respective interests of the parties by lot because they owned different undivided interests and fractional parts of unequal amounts.

The commissioners' report was contested by Grimes. He objected thereto because said report allotted to him the leasehold estate in the West 160 acres of Section 86 and allotted to Ellis A. Hall the leasehold estate in the remainder of said section. He alleged that such division of the leasehold estate was unfair and unequal; that the awards were not made by lot and were not in compliance with the order appointing the commissioners which required that "shares of equal interests, if any, be set aside by lot." He contended the commissioners should have divided the section into four portions, each share containing one or more tracts and having regard to the location, quantity and advantage of each share so that same might be substantially equal in value and that the commissioners should have drawn by lot three of such portions for plaintiffs and one for defendant. Grimes further contended that since oil had been discovered and "for a time produced" in a well "offsetting" the Southeast corner of Section 86, that thereby the Southeast portion of said Section had been shown capable of mineral production so that the allotment to Grimes off of the West side showed a disregard of his rights. Grimes further contended he was entitled to a segregated area containing one or more tracts, equal in value, to one-third of the leasehold allotted to Hall and that such comparative values did not exist under the commissioners' allotment.

Hall and his co-plaintiffs' answer to said objections was to the effect that it was impossible to make the award by lot; that the award was made in compliance with the order of partition; that a well had been drilled near the Southeast corner of said section which was a small producer, if any; that it had been abandoned and that it was a matter within the discretion of the commissioners as to how said section should be divided. The court heard evidence. It

found that the partition by the commissioners was fair and should be approved and decreed that the parties should have their mineral interests as fixed by the commissioners. From the order approving the commissioners' report, Grimes has appealed.

Appellant contends the judgment should be reversed because the court erred in confirming the report of the commissioners (1) because the award dividing the leasehold estate was not made by lot as required by Texas Rules of Civil Procedure, rule 768; (2) because said award was not made by lot as directed by the decree of partition; (3) because said report and decree allotted to Grimes the least valuable one-fourth of the leasehold; (4) because said allotment was unfair and unequal; and (5) because the commissioners' report failed to show the value of the leasehold allotments as required by R.C.P. 769.

■■ The order appointing the commissioners directed them to divide the property into shares and to set them aside to the parties entitled thereto, "the shares of equal interest, if any, to be set aside by lot." It is apparent that the interests of the parties were not equal. Hall owned an undivided three-fourths and Grimes an undivided one-fourth interest in the leasehold estate. The commissioners, therefore, did not violate the order directing them to select the owners of shares of equal interest, if any, by lot. Where the interests of the parties in the realty to be partitioned are unequal, selection of owners of shares by lot is not required. Carr v. Langford, Tex.Civ.App., 144 S.W.2d 612; 32 Tex.Jur. 199, Moor v. Moor, Tex.Civ.App., 63 S.W. 347, 351; 47 C.J. 502. Points 1 and 2 are overruled.

■■ Appellant's points 3, 4 and 5 are to the effect that the court erred in approving the commissioners' report because the portion allotted to him was not of equal value, in proportion to the extent of ownership, with that allotted to Hall. The evidence thereon is clearly conflicting and the finding cannot be disturbed. Where the testimony is conflicting, the report of the commissioners approved by the trial court will not be set aside. Cyphers v. Birdwell, Tex.Civ.App., 32 S.W.2d 937, 939; Stefka

v. Lawrence, Tex.Civ.App., 7 S.W.2d 894; 32 Tex.Jur., 199. The fairness of the division must be sustained unless the evidence shows conclusively that there is inequality in the value of the shares. 32 Tex.Jur. 199, 200; 47 C.J. 511. In this connection see Henderson v. Chesley, 116 Tex. 355, 292 S.W. 156; Humble Oil & Refining Co. v. Lasseter, Tex.Civ.App., 95 S.W.2d 730, 731, and 3 Summers Oil and Gas, Perm.Ed., § 536.

■ Unquestionably, there was substantial evidence that the minerals in one part of said section was as valuable as that in any other part of the section.

■ Appellant's sixth point is that the court erred in confirming the report of the commissioners because it failed to show the value of the leasehold allotments as required by R.C.P. 769. This objection was not made to the report by appellant. It was, therefore, waived and cannot be urged here.

The judgment is affirmed.