**Berniece Hill GRIMES, et al.,
Appellants,**

v.

**Marie Hill COLLIE, et al., Appellees.**

No. 08–86–00270–CV.

Court of Appeals of Texas,
El Paso.

June 10, 1987.

Rehearing Denied July 8, 1987.

G. Leroy Street, Geary, Stahl & Spencer, Dallas, for appellants.

Michael T. Morgan, Morgan & Ward, Julia E. Vaughan, Cotton, Bledsoe, Tighe and Dawson, Midland, for appellees.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

SCHULTE, Justice.

This is a nonjury partition suit between joint owners. Appeal is from the final judgment of the court of August 21, 1986, adopting the report of the commissioners and approving the partition. We affirm.

Involved were more than 10,000 acres of surface estate and surface rights of lands in Upton County. The Midland County lands are not part of this appeal. All of the parties stipulated that the Upton property should be divided. This agreement sets forth the respective undivided interests of the Collie/Hill Appellees as well as the Grimes Appellants. Appellants now essentially complain that they received 58.92 acres that were not included in the acreage to be divided. It is also asserted that the ultimate division arrived at after some six years of litigation is not just and equal. A final point concerns certain deposition costs.

On or about September 21, 1983, Appellants and the other joint owners filed with the trial court a stipulation which, in part, specified:

[H]ereby stipulate the share or interest of each of the joint owners ... in the real estate which the Plaintiffs seek to be divided, agreeing that the share or interest of each of the joint owners ... could be proved by evidence satisfactory to the Court, if there had been any dispute with respect to the same.

Attached to the stipulation was an agreed description of the Upton County realty to be partitioned. In reliance on that representation by the Appellants and the others, the trial court proceeded with the partition on the following day, appointed commissioners and decreed the land in Upton County to be "susceptible of partition-in-kind, and shall be treated as a single unit,...." By order dated April 26, 1985, the court found in part that as to the Upton County land, "a survey thereof shall be necessary before such lands can be finally partitioned," and appointed Max Schumann as surveyor. On August 29, 1985, the commissioners reported back to the court that as a result of the survey there were 57.188 acres more than indicated in the original report. This overage was dealt with in a supplemental report.

Thereafter, on November 13, 1985, the trial court heard Appellants' second amended objections to the report of the commissioners and ordered a further supplemental report from the commissioners taking into account another 58.92 acres, the acreage in question here, as located by the Schumann survey. The order signed December 13, 1985, in part recites:

6. In determining the partition of the lands in Upton County, the Commissioners may take into consideration the following:

.      .      .      .      .

B. The portion of the lands enclosed within the Hill fence and shown on the survey prepared by Max Schumann as lying east of FM Highway 2594 and west of the west line of Section 21, Block D, EL & RR Co. Survey, Upton County, Texas, as located by Mr. Schumann, may be subject to claims of title adverse to the parties to this cause by the owners of record title to Section 1,

Block M, EL & RR. Co. Survey. The Commissioners, in partitioning the lands so as to be fair and equitable with regard to the value of property assigned to each party, may take into consideration the impairment of value, if any, to these designated tracts of land which may result from the possibility of claims of title thereto adverse to all of the parties to this partition.

The Commissioners should not omit the tracts in the partition. The Commissioners may make such provisions as they deem appropriate for the possibility of adverse claims of title thereto.

In response to such order, on May 1, 1986, the commissioners duly reported to the court acknowledging that the realty divided included the 58.92 acres in question in Section 1, Block M, EL & RR Co. Survey. In amending the partition originally made and making the one last arrived at, the commissioner's report recites in part:

### 5.

To the extent there exists any unequal distribution of acreage under the terms of this Report, the same is done intentionally, and to take into account the value of the improvements awarded to Berniece Hill Grimes and Howard Grimes, and the risk of title failure to portions of the lands awarded to Berniece Hill Grimes and Howard Grimes, and the differences in proportionate ownership among the parties.

The Grimes' third amended objection to the latest report was filed June 2, 1986, together with their motion to dismiss, asserting that persons not parties own interest in the lands described and that the ownership of a portion of the lands partitioned had not been determined. The objections and motions were overruled.

A corrected judgment signed August 21, 1986, acknowledged that the commissioners had taken full account of the risks of claims of title adverse to the parties in the cause as set forth in the court's order of December 13, 1985. Attached to the judgment is Annex 6 detailing the surface rights to the lands granted Appellants, in-

cluding the 58.92 acres in question. We consider, first, Appellants' contention in their Points of Error Nos. One and Two that it was error for the trial court to include the 58.92 acres in the partition.

It is clear throughout this record that the 58.92 acres were encompassed within the lands, intended by the parties including the Appellants, to be partitioned. The surveyor left no doubt that this nominal segment (nominal compared with the total acreage involved) was within the Hill fence and had been part of the Hill pasture for over twenty years. Not only Schumann, but Hill and Appellants' own witness, Ray Smith, testified that lands under fence east of FM 2594 (originally thought to be part of Section 21) had been used by the Hills or their lessees for ranching purposes since the early 1900s. The trial court refers in its order of April 26, 1985, to that which is found "actually within the fences of the main body of the Hill ranch in Upton County." Appellants took no appeal from the earlier order of September 22, 1983, which adopted the stipulation to which they were a party regarding the land to be partitioned. No title objection was raised by Appellants at that juncture. See: *Burkitt v. Broyles*, 340 S.W.2d 822 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.). In fact, Appellants' third amended objection and motion to dismiss (as late as June 2, 1986) failed to particularize their complaint and specifically point out to the trial court the exact nature of the error presently voiced on appeal.

■ A case cited by Appellants, *Marmion v. Wells*, 246 S.W.2d 704 (Tex.Civ. App.—San Antonio 1952, writ ref'd), is supportive of the view we have taken in regard to the matter before us. There, the claim was made that the partition should be set aside because the survey, which occurred after the first phase of the partition had been concluded (as it was here), developed that there were 726 more acres than originally believed by the parties. That court rejected the contention that a failure of title could occur with respect to the additional lands and cause a loss not borne equally by all parties. Even absent Appellants' showing, were we to assume an ulti-

mate failure of title to the segment involved, Appellants are not without recourse. Partition implies a mutual warranty of title, so that if title to a portion of the partitioned property subsequently fails, the party to whom that portion was allotted is entitled to contribution from the other parties to the partition for the resultant loss. *Miller v. Miller,* 283 S.W. 1085, 1091 (Tex. Civ.App.—Fort Worth 1926, writ dism'd).

■ If there be error as asserted in Points of Error Nos. One and Two, Appellants have participated in inviting it, and if not waived, they are estopped from now urging it. Nor are we of the opinion that the error complained of amounted to such a denial of Appellants' rights as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment in the case. Rule 81, Tex.R.App.P. Points of Error Nos. One and Two are overruled.

■ Next, Appellants in two points attack the partition as not being just and equal. As to the evidence insufficiency assertion, we apply the standard set forth in *Garza v. Alviar,* 395 S.W.2d 821 (Tex. 1965). In this case, we are particularly mindful of the trier of fact who lived with this case for some six years. It was for the trial judge to determine the weight to be given the evidence and to resolve conflicts therein. See: *Pickens v. Baker,* 588 S.W.2d 406 (Tex.Civ.App.—Amarillo 1979, no writ). Most material as well in our consideration is that each of the parties, including Appellants, nominated one commissioner. From this record, it appears that these three commissioners were eminently qualified persons. It was their report adopted by the court, that formed the now complained of judgment. Furthermore, Appellant made no request for findings of fact and conclusions of law. Absent such findings and conclusions, we will assume the trial judge found every fact proposition necessary to sustain the judgment. The judgment must be affirmed if it can be sustained on any reasonable theory supported by the evidence and authorized by law. *Burnett v. Motyka,* 610 S.W.2d 735 (Tex.1980). Appellate courts may imply fact findings by the trial court to sustain the judgment, including issues as to title of property. *Las Vegas Pecan & Cattle Company, Inc. v. Zavala County,* 682 S.W.2d 254, 256 (Tex.1984). In partition cases, the reviewing court is precluded from reversing the trial court's judgment unless the evidence of unfairness is conclusive. *Grimes v. Hall,* 211 S.W.2d 956 (Tex. Civ.App.—Eastland 1948, no writ). It is Appellants' burden to prove that the report of the commissioners was materially erroneous or that the petition thereby made was unequal or unjust. *DeMarco v. Van Hees,* 493 S.W.2d 553, 554 (Tex.Civ.App.— Houston [14th Dist.] 1973, no writ). We will apply these basic standards not only to Appellants' contentions regarding the 58.-92–acre strip, but to the other arguments regarding value of improvements, water supply and contiguity.

■ Under the original stipulation, it was agreed that the Appellants were entitled to slightly more than twenty-seven percent of the total to be divided. Of the 10,618 acres, the Appellants' partitioned portion approximated 2,625 acres, plus certain improvements. At the $85.00 an acre figure used, the improvements valued at $25,000.00 equated to about 294 acres more, granting Appellants approximately the agreed percentage, even when the 294 acres are added to the 10,618 acres.

Having applied the standards enunciated and having considered this entire record including the final division made, we conclude that the court's judgment reciting an equal and just partition is not against the great weight and preponderance of the evidence, that the judgment granted is supported by the evidence and that there is no conclusive evidence of unfairness nor evidence that the report adopted by the trial court was materially erroneous. Points of Error Nos. Three and Four are overruled.

In Point of Error No. Five, Appellants claim that the trial court erred in not allocating between the parties the cost of depositions taken by Appellants as costs of court. Appellants took the depositions of J.E. Hill, Jr., stockholder of the Trinity Water Company, and Ed Reed in an effort to prove that the report of the commission-

ers was not fair and reasonable due to an inadequate water supply on a parcel allocated to Appellants. These costs were paid by Appellants.

In a partition suit, Rule 778, Tex.R. Civ.P., requires that the costs shall be "paid by each party to whom a share has been allotted in proportion to the value of such share." However, Rule 141, Tex.R. Civ.P., provides that "[t]he court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." The trial court in denying Appellants' request to allocate the costs of depositions stated, "we'll let Mrs. Grimes pay for her own depositions since there's a claim she's coming out ahead on the acreage." We are not disposed to find an abuse of discretion under the record before us.

■ Were Rule 141 not permitted to overrule Rule 778, nevertheless, the cost of Appellants' depositions is not a cost of the partition suit but rather a cost of a challenge to the report of the commissioners and, as such, should not be apportioned between all parties. See: *Powell v. Naylor*, 32 Tex.Civ.App. 340, 74 S.W. 338, 339 (Tex.Civ.App.1903, writ ref'd), where the court stated "[i]t is the rule in partition suits that defendants are liable for all costs incurred by them in contesting the rights of the successful plaintiffs." Appellants' Point of Error No. Five is overruled.

The judgment is in all things affirmed.