**Opinion filed August 12, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00270-CV

_____

**JENNIFER MCGOUGH RUSSELL, AS TRUSTEE OF THE
JENNIFER MCGOUGH RUSSELL TRUST AND AS CO-
TRUSTEE OF THE BOBBY FRANK MCGOUGH TRUST,**
Appellant

**V.**

**JOHN MICHAEL MCGOUGH, AS TRUSTEE OF THE JOHN
MICHAEL MCGOUGH TRUST AND AS CO-TRUSTEE OF THE
BOBBY FRANK MCGOUGH TRUST,** Appellee

**On Appeal from the 39th District Court**

**Stonewall County, Texas**

**Trial Court Cause No. 4676**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order by which the trial court partitioned twelve
tracts of real property (the tracts) that were jointly owned by siblings Jennifer

McGough Russell (Appellant) and John Michael McGough (Appellee). After Appellee filed the partition suit, the trial court entered an agreed preliminary decree in which it (1) listed the tracts, (2) acknowledged that the parties owned each tract as joint tenants, (3) found the tracts to be susceptible to partition in kind, and (4) appointed three commissioners to make the partition in accordance with the trial court's decree. Neither party appeals the trial court's preliminary decree.

After the commissioners submitted their report to the trial court, Appellant filed objections and requested a hearing. After the hearing, the trial court issued an order in which it denied Appellant's objections and confirmed the commissioners' report.[1]

On appeal, Appellant complains that the trial court erred when it denied Appellant's objections and confirmed the commissioners' report because the commissioners' findings in their report (1) were materially erroneous and (2) were unfair and unjust in their partition of the tracts. We affirm.

## I. *Factual Background*

An independent appraiser had previously evaluated the market value of the tracts and reported his findings in an appraisal report (the appraisal). The commissioners repeatedly referenced the appraisal throughout their report and attached the appraisal to the report when they submitted it to the trial court. The

---

[1]Notably, the commissioners' report is not included in the appellate record for our review. As Appellee has pointed out, the reporter's record contains a "Defendant's Exhibit One," which is described as the "Commissioners Report," but this exhibit is in fact the appraisal report which was heavily referenced throughout the commissioners' report and attached to their report when it was submitted to the trial court. The Texas Rules of Appellate Procedure no longer place the burden to designate items to be included in the clerk's record on any party, but instead permit any party, the trial court, or the appellate court to do so. *See* TEX. R. APP. P. 34.5(a), (b)(2), (c)(1); *In re Estate of Nunu*, 542 S.W.3d 67, 74 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing *In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014)). Neither party has requested to supplement the clerk's record to include the commissioners' report. Nevertheless, the procedural disposition of this case, the applicable standards of review, and the issues presented permit us to resolve this appeal. *See* TEX. R. APP. P. 34.5(c)(1).

commissioners' report was unverified when initially submitted, and in it, the commissioners erroneously referenced "Section 231" in the property description of one property when the proper reference should have been "Survey No. 231." The commissioners, in their findings, also failed to allocate two of the twelve tracts that were identified in the preliminary decree—Tract One and Tract Seven—to either party.

In her objections to the commissioners' report, Appellant argued that the findings in the report were materially erroneous because the report (1) was not verified or otherwise made under oath when it was submitted to the trial court, (2) wholly failed to partition Tract One and Tract Seven, and (3) failed to particularly describe the tracts that were partitioned. Appellant also objected that the findings in the report were unequal and unjust because the report referred only to the market values of the tracts and wholly disregarded the Conservation Reserve Program (CRP) credits attributable to each tract. Additionally, Appellant requested that the trial court hold a hearing on her objections, reject the commissioners' report, and appoint a new panel of commissioners to partition the tracts.

At the trial,[2] Appellant did not present any witnesses. Rather, the only evidence offered by Appellant was the appraisal (which the trial court admitted) upon which the commissioners' had relied. Further, Appellee offered to relinquish his claims to the unpartitioned tracts and proposed that the trial court assign them to Appellant.

---

[2]We interpret the hearing on Appellant's objections to have been a bench trial on the merits. Rule 771 of the Texas Rules of Civil Procedure requires "a trial of the issues" on a party's filed objections to the commissioners' report. TEX. R. CIV. P. 771. During the hearing, Appellant's trial counsel explained to the trial court that, "as I read the rule, we are having a bench trial right now" and that an order by the trial court confirming the commissioners' report would constitute an appealable judgment.

After the trial was concluded, the trial court instructed the commissioners to verify their report, and they did so. The trial court then signed an order in which it denied Appellant's objections, confirmed the commissioners' report, and assigned the two unpartitioned tracts to Appellant. The trial court's order also included the correct property description ("Survey No. 231") for the portion of Tract Two that was partitioned to Appellant.

Upon Appellant's request, the trial court issued Findings of Fact and Conclusions of Law in which it specifically concluded that the findings in the commissioners' report (1) were not materially erroneous because the commissioners had failed to partition Tract One and Tract Seven and (2) were neither unequal nor unjust in the partition of the tracts. The trial court also found that the value of the property allocated to Appellant was $1,782,000 and that the value of the property allocated to Appellee was $1,759,000.

## II. *Analysis*

On appeal, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's judgment.[3]

### A. *Applicable Law*

A partition case consists of two decrees that are both final and appealable. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980); *Bowman v. Stephens*, 569 S.W.3d 210, 221 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no writ). In the first decree, the trial court determines the following: the share or interest of each owner in the property that the owners seek to divide, all questions of law or equity that may affect title, and whether the property in dispute is subject to partition or sale. TEX. R.

---

[3]Appellant does not specifically designate her sufficiency challenge as legal or factual. Because her issues involve challenges both to the trial court's findings of fact and conclusions of law, we address both the legal and factual sufficiency of the evidence.

4

CIV. P. 760, 761, 770; *Ellis*, 864 S.W.2d at 557.  Further, the trial court is required to appoint three or more disinterested persons as commissioners who shall partition the property in dispute pursuant to the trial court's decree; the trial court may also provide directions to the commissioners as may be necessary and appropriate.  *See* TEX. R. CIV. P. 760, 761.

With respect to the second decree, the commissioners "shall proceed to partition the real estate described in the decree of the court, in accordance with the directions contained in such decree and with the provisions of law and these rules." TEX. R. CIV. P. 766.  After the partition is completed, the commissioners must submit, under oath, a written report to the trial court.  TEX. R. CIV. P. 769.  Within thirty days after the commissioners file the report, any party to the partition suit may file objections with the trial court.  TEX. R. CIV. P. 771.  The party who objects to the report bears the burden of proving that the report is materially erroneous or that the partition is unequal and unjust.  *Bowman*, 569 S.W.3d at 222; *Ellis*, 864 S.W.2d at 557.  If the trial court overrules the filed objections, it may then confirm the report in a second judgment.  *Bowman*, 569 S.W.3d at 222; *Ellis*, 864 S.W.2d at 557. However, the trial court must reject the report and appoint a new panel of commissioners if it finds that the report is (1) materially erroneous in any respect or (2) unequal and unjust.  TEX. R. CIV. P. 771; *see Bowman*, 569 S.W.3d at 222; *Ellis*, 864 S.W.2d at 557.

B.  *Standards of Review*

A trial court's factual determinations in a partition suit are not conclusive and are subject to a legal and factual sufficiency review.  *Bowman*, 569 S.W.3d at 223; *Carson v. Hagaman*, 884 S.W.2d 194, 198 (Tex. App.—Eastland 1994, no writ).  In reviewing the trial court's findings for evidentiary sufficiency, we apply the same standards that we use when we review the evidence in support of a jury's findings.

5

*Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *see Roberts v. Philpot*, 435 S.W.2d 614, 615–16 (Tex. App.—Tyler 1968, no writ).

"When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *accord Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). In reviewing a "matter of law" challenge, we first examine the record for evidence that supports the finding, and we ignore all evidence to the contrary. *Francis*, 46 S.W.3d at 241 (citing *Sterner*, 767 S.W.2d at 690); *see City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). If no evidence supports the finding, we then examine the entire record to determine if Appellant's contrary position is established as a matter of law. *Francis*, 46 S.W.3d at 241. When we apply this standard in a partition case, we may not reverse the trial court's judgment unless the evidence of material error or an unequal and unjust partition is conclusively established. *See id.* (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)); *Grimes v. Collie*, 733 S.W.2d 338, 341 (Tex. App.—El Paso 1987, no writ) (citing *Grimes v. Hall*, 211 S.W.2d 956, 958 (Tex. App.—Eastland 1948, no writ)).

In reviewing a trial court's conclusions of law from a bench trial, we apply a de novo standard. *Bowman*, 569 S.W.3d at 224 (citing *City of Keller*, 168 S.W.3d at 822). We will uphold the trial court's conclusions of law if the judgment can be sustained on any legal theory that is supported by the evidence. *Id.* Further, if we determine that a conclusion of law is erroneous but that the trial court nevertheless rendered a proper judgment, such error will not require reversal. *Id.* (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)).

"When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Francis*, 46 S.W.3d at 242 (citing *Croucher*, 660 S.W.2d at 58). In reviewing a factual sufficiency challenge, we must examine the entire record, including the evidence in favor of, and contrary to, the challenged finding. *Id.* We may reverse the trial court's judgment only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that the verdict is clearly wrong and unjust. *Id.* (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)); *Carson*, 884 S.W.2d at 196. "In doing so, we must 'detail the evidence relevant to the issue' and 'state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict.'" *Francis*, 46 S.W.3d at 242 (quoting *Pool*, 715 S.W.2d at 635).

C. *Issue One: Materially Erroneous*

In support of her first issue, Appellant contends that the findings in the commissioners' report were materially erroneous because (1) the report was not verified or otherwise submitted under oath by the commissioners before it was submitted to the trial court, (2) the commissioners failed to allocate two of the twelve tracts listed in the trial court's preliminary decree, and (3) the commissioners erroneously referenced "Section 231" in the property description for the parcel of Tract Two that was partitioned to Appellant, and thus they failed to particularly describe the allocated property.

1. *Verification of the Commissioners' Report*

Rule 769 of the Texas Rules of Civil Procedure requires that, "[w]hen the commissioners have completed the partition, they shall report the same in writing and under oath to the court." TEX. R. CIV. P. 769. However, Rule 769 does not

7

provide a specific temporal deadline for the verification of the report. *See id.* At trial, and in response to Appellant's objection that the commissioners had not properly verified the report, the trial court noted that it had not included in the preliminary decree a direction to the commissioners to verify their report but, instead, that it would instruct the commissioners to do so after the trial was concluded. The trial court also indicated in its Findings of Fact and Conclusions of Law that it had permitted the commissioners to resubmit their report with the proper verification and that the commissioners' resubmission had been properly verified.

At least one of our sister courts of appeals has previously upheld a trial court's finding that a lack of verification in a commissioners' report did not constitute material error. *See Snow v. Donelson*, 242 S.W.3d 570, 573 (Tex. App.—Waco 2007, no pet.) (noting that the objecting party also failed to timely file its objections). We agree with the Waco Court of Appeals' holding in *Snow*. Further, the mandatory language of Rule 771 is contingent upon a finding of material error, which the trial court did not find in this case. *See* TEX. R. CIV. P. 771. Therefore, in the absence of a finding of material error, we hold that it was not reversible error for the trial court to refer the original report to the commissioners so that they could comply with the necessary verification requirements. *See Snow*, 242 S.W.3d at 573; *see also Taub v. Kahn*, 646 S.W.2d 570, 572 (Tex. App.—Houston [1st Dist.] 1982, no writ) (holding that the trial court's referral of the report back to the original commissioners with additional directions not contained in the preliminary decree in order to properly effect a partition was not reversible error).

2. *Failure to Partition Two Tracts Listed in the Preliminary Decree*

The trial court found in its Findings of Fact and Conclusions of Law that the commissioners, in their report, failed to partition Tract One and Tract Seven in accordance with the trial court's preliminary decree. Although Appellant asserts that

8

this omission rendered the report materially erroneous, the trial court explicitly concluded that it did not.

To prevail on her legal sufficiency challenge, Appellant must show that, as a matter of law, the commissioners' failure to partition these two tracts rendered their report materially erroneous. *See Francis*, 46 S.W.3d at 241; *Sterner*, 767 S.W.2d at 690. At the trial on her objections, Appellant bore the burden to offer evidence that the commissioners' report was materially erroneous. *Bowman*, 569 S.W.3d at 222; *Ellis*, 864 S.W.2d at 557. However, the only evidence that she submitted was the appraisal, which the commissioners heavily referenced throughout their report and which the commissioners attached to their report when it was initially submitted to the trial court. Despite Appellant's claim that the commissioners' failure to partition Tract One and Tract Seven rendered their report materially erroneous, she points to no evidence in the record, and we have found none, or any authoritative precedent to support her position.[4]

As we have said, we may not reverse the trial court's judgment unless the evidence of material error is conclusively established. *See Francis*, 46 S.W.3d at 241; *Sterner*, 767 S.W.2d at 690; *see also Ellis*, 864 S.W.2d at 557; *Grimes*, 733 S.W.2d at 341 (citing *Grimes*, 211 S.W.2d 956, 958). Standing alone, the appraisal is not conclusive evidence that the findings in the commissioners' report are materially erroneous. *See, e.g.*, *Carter v. Harvey*, 525 S.W.3d 420, 433 (Tex. App.—Fort Worth 2017, no pet.); *City of Keller*, 168 S.W.3d at 810, 822. Here, in

---

[4]In support of her assertion, Appellant cites to this court's decision in *Grimes v. Hall*. *See* 211 S.W.2d 956 (Tex. App.—Eastland 1948, no writ). However, *Grimes* is inapposite. In *Grimes*, this court affirmed the trial court's judgment confirming the commissioners' report, despite the defendant's complaints that, *inter alia*, the partition was not made by lot as directed by the preliminary decree and as required by the rules of civil procedure in effect at that time. *Id.* at 958. Not only did this court overrule the issues presented in *Grimes* those issues are dissimilar to the issues presented here. Further, Appellant has failed to explain in her brief why we should read *Grimes* to support her position.

the absence of other evidence, which is not in the record before us, Appellant has failed to establish that the commissioners' failure to partition Tract One and Tract Seven rendered their report materially erroneous as a matter of law.

### 3. *Erroneous Property Description*

Finally, Appellant asserts that, because the findings in the commissioners' report mistakenly referenced "Section 231" in the property description for the parcel of Tract Two that was allocated to Appellant, the commissioners failed to particularly describe the allotted property in accordance with the requirements of Rule 769; therefore, the report is materially erroneous. *See* TEX. R. CIV. P. 769. On this point, we also hold that Appellant's sufficiency challenge fails.

In support of her contention, Appellant cites to our decision in *Carson v. Hagaman*; however, that case is also distinguishable. *See* 884 S.W.2d at 196–97. In *Carson*, the commissioners' report partitioned the property in such a way as to leave the defendants without access to their land. *Id.* Some of the commissioners testified that it was their intent that the partition would grant the defendants access to their land. *Id.* Despite this and other evidence that third parties were willing to offer an easement across their property to grant access to the defendants, this court held that we were required to "review the judgment as it is and not as it could have been," and further noted that we lacked the authority to reform the property description that was contained in the report. *Id.* at 198 (citing former Rule of Appellate Procedure 80(b)). Based on those reasons, we held in *Grimes* that the lack of access was material error. *Id.*

Appellant also asserts that an error in the description of the partitioned property is considered material if it would prevent a surveyor from identifying the partitioned property. *See Toledano v. Holman*, No. 02-15-00283-CV, 2017 WL 117316, *3 (Tex. App.—Fort Worth, Jan. 12, 2017, no pet.) (mem. op.). Appellant

contends that because the term "Section" is common in land surveys and because the commissioners did not attach maps or field notes to make the property description more intelligible, it is unclear from the face of the report what amount of acreage the commissioners intended to allocate to Appellant.

Although Appellant asserts that we must reject a correction that is meant to effect "the Commissioners' intent," as we did in *Carson*, what is at issue here is a typographical error in the commissioners' report, not the intended effect of the commissioners' partition. When we consider and compare the use and reference of "Section 231" in the commissioners' report to the property description of "Survey No. 231" as noted in the appraisal and recited in the trial court's judgment, there is no question as to the intended effect of the commissioners' partition.

Appellant bore the burden at trial to prove that the findings in the commissioners' report were materially erroneous. Not only was the erroneous property reference relied on by Appellant nothing more than a typographical error, rather than a reference to a different property, Appellant failed to offer any evidence that is contrary to the trial court's finding that the findings in the report were *not materially erroneous*. Both parties agree that "Survey No. 231" was the correct property description. At trial, Appellant's trial counsel informed the trial court that the correct reference to the disputed tract was "Survey 231," not "Section 231." Appellant's trial counsel further stated that no "Section 231" existed in reference to the tracts that were to be partitioned. Here, it is undisputed that the appraisal was the only evidence offered by Appellant at trial to show that this typographical error was material. However, and importantly, the appraisal correctly described and referred to this parcel of Tract Two as "Survey No. 231." Therefore, the evidence offered by Appellant on this point supports the inference that this was a simple, and correctable, typographical error in the text of the commissioners' report. We

conclude that it is not evidence that would conclusively prove Appellant's contention.

Moreover, in the order in which it denied Appellant's objections and confirmed the commissioners' report, the trial court correctly referred to "Survey No. 231" when it described the disputed parcel of Tract Two and partitioned the property. This recitation further implies that Appellant failed to carry her burden as to the typographical error in the report. Further, the same order also contained the trial court's general finding that the findings in the commissioners' report were not materially erroneous and did not divide the property in an unequal and unjust manner. Therefore, when read together, the trial court, in its order and its Findings of Fact and Conclusions of Law, clearly addresses each of Appellant's presented issues, including the typographical error. *See Bowman*, 569 S.W.3d at 229–30 ("While the judgment did not specifically contain such a finding, its terms, in combination with the court's other findings of fact and conclusions of law unambiguously [did make such a finding]."); *Rivers v. Page*, No. 09-19-00312-CV, 2021 WL 2006322, at *7 (Tex. App.—Beaumont May 20, 2021, no pet. h.) (mem. op.) ("[B]y overruling the objections and confirming the Commissioners' Report, the trial court implicitly found that Rivers failed to meet her burden to show that the Commissioners' Report was materially erroneous, or unequal and unjust.").

To prevail on her legal sufficiency challenge, Appellant must show as a matter of law that the findings in the commissioners' report were materially erroneous. We have searched the record for evidence that would support this finding and have ignored all evidence to the contrary and can find no evidence in the record to support Appellant's contention. Further, we conclude that the appraisal report supports the trial court's implied finding concerning the typographical error in the report. Unlike in *Toledano*, where the defendant at least offered testimony that the commissioners'

report was confusing, here Appellant offered no evidence for the trial court, or this court, to consider other than the appraisal report. *See Toledano*, 2017 WL 117316, at *3. Because we conclude that the evidence in the record before us supports the trial court's finding, our analysis ends here. *See Francis*, 46 S.W.3d at 241 (citing *Sterner*, 767 S.W.2d at 690)); *see also City of Keller*, 168 S.W.3d at 822.

In the case now before us, Appellant has not shown, as a matter of law, that the typographical error in the commissioners' report rendered the findings in their report materially erroneous. Nor has she shown that the trial court's ruling was against the great weight or preponderance of the evidence, as the only evidence in this case—the appraisal—contained the correct property description and was heavily referenced by the commissioners in their report and, thus, supports the assertion that this was a harmless, correctable, typographical error in the text of the commissioners' report.

Having reviewed the record before us in accordance with the applicable standards of review, we conclude that Appellant has neither established as a matter of law that the findings in the commissioners' report were materially erroneous nor shown that the trial court's finding on that basis was against the great weight and preponderance of the evidence. Therefore, we reject Appellant's contention that the findings in the commissioners' report were materially erroneous on both legal and factual sufficiency grounds. Accordingly, we overrule Appellant's first issue.

D. *Issue Two: Unequal and Unjust*

In her second issue, Appellant contends that the trial court erred when it confirmed the commissioners' report because the findings in their report are unequal and unjust. Specifically, Appellant asserts that the findings in the commissioners' report are unequal and unjust because the findings referred only to the market values

13

of the tracts and wholly disregarded the income-producing value of CRP credits attributable to certain tracts.

Because Appellant objected to the valuations identified in the commissioners' report, she bore the burden to show that the valuation of the tracts was unequal and unjust. *See* TEX. R. CIV. P. 771; *Sterner*, 767 S.W.2d at 690; *Ellis*, 864 S.W.2d at 557. Again, Appellant presented no evidence at trial except the appraisal. Appellant had ample opportunity at the hearing on her objections to develop her case and to present other appraisal evidence or any witness testimony. Again, the only evidence in the record for us to review is the appraisal.

In the appraisal, the appraiser stated that he had utilized the "sales comparison approach" to determine the market value of the tracts and had expressly omitted the "income approach" to determine the value of the tracts. The appraisal also contained a statement that: "Typically, in the estimation of value for a given property, it is necessary for an appraiser to review and consider all available valuation techniques, applicable to a given property type." In his report, the appraiser explained that three traditional appraisal approaches—cost, comparable sales, and income approaches— are typically utilized to determine the value of property. In this instance, the appraiser only determined the value of the tracts in reference to their market value, and without reference to their income-producing value. However, the appraiser explained that although all three approaches, whenever possible, should be applied when estimating the value of property, one approach will often be given greater consideration than the others: "The greatest consideration is normally given to the approach most typically used by buyers and sellers . . . in the local market, which in this case is the Sales Comparison Approach." Thus, in his report, the appraiser clearly explained the reason for the omission of the income approach, and it supports

the trial court's finding that the commissioners' findings in their report are not unequal and unjust. Here, there is no evidence in the record to the contrary.

Because the trial court overruled Appellant's objections to the findings in the commissioners' report, to prevail on a legal sufficiency challenge on appeal, Appellant must establish that the findings in the report were unequal and unjust as a matter of law. To prevail on a factual sufficiency challenge, Appellant must show that the trial court's findings were against the great weight and preponderance of the evidence. On the record before us, Appellant can do neither. Accordingly, we overrule Appellant's second issue.

### III. *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER
JUSTICE


August 12, 2021

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[5]

Bailey, C.J., not participating.

---

[5]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.